FILED
Sep 18 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ judepetersen   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHA NGUYEN TRAN,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>Respondents. | No. 25cv2391-BTM-BLM<br><br>**ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF NO. 3] |

Pending before the Court is Petitioner's motion for a temporary restraining order (TRO) pending a decision on his petition for a writ of habeas corpus. Petitioner claims he was ordered removed in 2007 but could not be removed to his "native" country, Vietnam. He was released from custody and has been living under supervision for about seventeen years. He claims he was detained by Immigration and Customs Enforcement (ICE) officers in June 2025. He claims ICE may remove him to a third country without due process.

Noncitizens must receive due process before being removed. *See, e.g., Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (quotation marks and citation omitted)); *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the

right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). Petitioner has established a likelihood of success on the merits at this preliminary point as to whether the Government will remove him without due process. Petitioner has also shown that he is likely to suffer irreparable harm in the absence of a TRO, that the balances of hardships and equities tips heavily in his favor since the Respondents state that there are no plans to remove him to a third country, and that a TRO is in the public interest. A TRO to preserve the status quo is thus warranted. *See, e.g., Alliance for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (detailing standard for a preliminary injunction).

The Respondents are hereby enjoined from removing the Petitioner to a country other than Vietnam. The Government must file an opposition before October 3, 2025, and Petitioner must file a reply before October 10, 2025. The parties shall appear for a hearing on October 23, 2025, at 4:00 P.M. on the motion for a preliminary injunction. Petitioner's motion for a TRO is otherwise denied.

**IT IS SO ORDERED.**

Dated: September 18, 2025

*[signature]*
Honorable Barry Ted Moskowitz
United States District Judge